RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Ann Rogers, | No. CV 07-195-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Phoenix Arizona Police Department, et al., | |
| Defendants. | |

On January 29, 2007, Plaintiff Laura Ann Rogers, who is confined in the Arizona State Prison Complex-Perryville, filed a *pro se* civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983.[1]  Plaintiff did not pay the $350.00 civil action filing fee but filed an uncertified Application to Proceed *In Forma Pauperis*.

By Order filed February 27, 2007 (Doc. #3), the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days from the filing date of the Order to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* and a six-month trust account statement.  On March 19, 2007, Plaintiff filed a "Motion To Request Additional Time" (Doc. #4) and on March 22, 2007 she filed her Application To Proceed *In Forma Pauperis* and six-month statement (Doc. #5).

---

[1] Plaintiff was confined in the Maricopa County Estrella Jail when she filed the Complaint.

**TERMPSREF**

The Court will deny the "Motion To Request Additional Time" as moot, grant the Application To Proceed *In Forma Pauperis*, dismiss Defendant Phoenix Arizona Police Department, and call for an answer to the Complaint from Defendant Jamie Tadsen.

## I. Motion To Request Additional Time

On March 19, 2007, Plaintiff filed a "Motion To Request Additional Time" (Doc. #4). In her Motion, Plaintiff requests an additional 30 days to file her Application To Proceed *In Forma Pauperis* and six-month statement. Because Plaintiff filed her Application To Proceed *In Forma Pauperis* and six-month statement within the Court's 30-day deadline, the Court will deny Plaintiff's Motion as moot.

## II. Application to Proceed *In Forma Pauperis* and Filing Fee

On March 22, 2007, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. #5), which will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $11.20. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## IV. Complaint

Plaintiff alleges one count in her Complaint. Defendant names the Phoenix Police Department and Police Officer Jamie Tadsen as defendants. Plaintiff seeks monetary damages and victim rape awareness training for the Defendants.

## V. Dismissal of Defendant Phoenix Arizona Police Department

To impose liability upon Defendant Phoenix Arizona Police Department or the City of Phoenix, Plaintiff must demonstrate the existence of a particular official city policy or established custom and that the policy or custom caused her to be subjected to a deprivation of a constitutional right. Oklahoma City v. Tuttle, 471 U.S. 808, 829-30 (1985) (Justice Brennan, concurring); See also, Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 694 (1978); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir. 1984).

There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, and therefore a police department's position as the employer of a person who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra, 723 F.2d at 680-81.

Plaintiff makes no allegations in the Complaint regarding a particular policy or custom of the Phoenix Arizona Police Department or the City of Phoenix. Accordingly, the Phoenix Arizona Police Department is not a proper Defendant and will be dismissed from this action for failure to state a claim upon which relief may be granted.

## VI. Answer to Complaint

In Count I of the Complaint, Plaintiff claims that her Fourth Amendment rights were violated on or about October 6, 2006 when Defendant Jamie Tadsen, working "under the Phoenix Arizona Police Department," ordered the Phoenix Memorial Hospital to do a "personal cavity search" on her while she was in the emergency room. Plaintiff alleges that at the time she was a rape survivor who was still in "massive recovery from the rape" and that Defendant Tadsen's "unauthorized (without a warrant) cavity search caused Plaintiff severe mental distress and massive flash backs." These allegations adequately state a claim, and the Court will require an answer to the Complaint from Defendant Jamie Tadsen.

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of her release.

Also, within 30 days of her release, she must either (1) notify the Court that she intends to pay the balance or (2) show good cause, in writing, why she cannot. Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's "Motion To Request Additional Time" (Doc. #4) is **denied as moot**.

(2)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #5) is **granted**.

(3)     As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $11.20.

(4)     Defendant Phoenix Arizona Police Department is **dismissed** from this action for failure to state a claim upon which relief may be granted.

(5)     Defendant Jamie Tadsen **must answer** the Complaint (Doc. #1).

(6)     The Clerk of Court **must send** Plaintiff a service packet including the

Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Jamie Tadsen.

(7) Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) **If** Plaintiff does not **either** obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action **may be dismissed** as to Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal **must notify** Defendant Jamie Tadsen of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal **must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2); and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of

Civil Procedure, unless otherwise ordered by the Court.

(11) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendant **must answer** the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) This matter is **referred** to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 7th day of August, 2007.

_____
David G. Campbell
United States District Judge